IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

______________________________________________

ELITE EVENTS MANAGEMENT GROUP, LLC
75 3RD Avenue : Civil No. _______________
Broomall PA 19008,
Plaintiff, JURY TRIAL DEMANDED
vs.

BAXTER & ASSOCIATES, LLC :
1800 Fallbrook Lane
Vienna VA 22182 AND

KEVIN BAXTER
534 Brandywine Drive :
Bear DE 19701-1272 AND

RAYMOND S. BAXTER, III
1800 Fallbrook Lane :
Vienna VA 22182,
Defendants.
___________________________________________

**CIVIL COMPLAINT**

A. Jurisdiction and Venue

1. Jurisdiction over this matter is conferred upon this court based upon:

a) diversity of citizenship. 28 U.S.C. 1332; and,

b) the Lanham Act. 15 U.S.C. 1051 et seq.

2. Venue is proper based upon applicable statute.

B. The Parties

3. Plaintiff ELITE EVENTS MANAGEMENT GROUP, LLC ("ELITE") is a domestic limited liability company doing business within this District at the address as indicated above; ELITE does business as a special events management production company.

4. Defendant BAXTER & ASSOCIATES, LLC ("BAXTER LLC") is a domestic limited liability company doing business within this District, with its principal office located at the address as indicated above.

5. Defendant KEVIN BAXTER ("K BAXTER") is a citizen of Delaware doing business within this District, with his principal office located at the address as indicated above.

6. Defendant RAYMOND BAXTER, III ("R BAXTER") is a citizen of Virginia doing businesss within this District, with his principal office located at the address as indicated above; defendant R BAXTER is also the principal of co-defendant BAXTER LLC.

7. At all times material hereto, defendants acted individually on their own respective behalves, and through their agents, servants, employees, representatives and the like, acting within their course of employment and scope of duties.

C. Factual Allegations

8. On October 24, 2015, plaintiff ELITE produced a successful, profitable event called the "Philadelphia Cheesesteak Festival" ("the Festival"), which took place at Lincoln Financial Field, the home of the NFL football team, The Philadelphia Eagles". A copy of plaintiff's Home Page on one of its websites, describing the Festival, is attached hereto and incorporated by reference as though fully set forth herein and made a part hereof.

9. Plaintiff expended at least hundreds of hours, and approximately Eight Hundred Thousand Dollars ($800,000), to create and produce this event, to plaintiff's detriment; the Festival turned a profit of slightly more than $200,000.

10. In June of 2016, plaintiff contacted Lincoln Financial Field to secure the booking of

the second annual Festival, only to be informed that the booking could not be effectuated, due to the actions of defendants.

11. Apparently, defendants have held themselves out as the rightful owners and producers of the Festival, to the detriment of plaintiff.

12. Plaintiff is the rightful creator and owner of the common law trademark, "Philadelphia Cheesesteak Festival".

13. On June 15, 2015, defendant K BAXTER signed a Non-Disclosure Agreement with plaintiff, wherein it is acknowledged that:

a) plaintiff owns the trademark and all other intellectual property pertaining to the Festival;

b) defendant K BAXTER is precluded from competing with plaintiff in any manner, and precluded from circumventing plaintiff for a period of Five (5) Years;

c) defendant K BAXTER is subject to injunctive relief, counsel fees and costs, in addition to damages, for violation of the Non-Disclosure Agreement.

14. Plaintiff also learned that defendants applied for federal trademarks for "Philadelphia Cheesesteak Festival" for themselves, to plaintiff's detriment.

15. Defendants have no rights to the trade name, trademark, and/or trade dress of plaintiff's Philadelphia Cheesesteak Festival.

16. In 2015, plaintiff retained K BAXTER'S services merely as an independent contractor, to procure promotion and marketing to plaintiff, in regard to the Festival.

17. Defendant K BAXTER performed services in the capacity of an independent contractor performing promotion and marketing related services for plaintiff Elite.

18. K. BAXTER unequivocally held himself out as an independent contractor who performed promotion and marketing services for plaintiff in regard to plaintiff's "Philadelphia Cheesesteak Festival"; as proof thereof, on December 9, 2015 defendant K BAXTER prepared and forward to plaintiff his "Invoice #60" totaling $25,120, which invoice enumerated the promotional and marketing services provided by K BAXTER to plaintiff ELITE. A true and correct copy of said Invoice is attached hereto and incorporated by reference as though fully set forth herein and made a part hereof.

19. Defendant K BAXTER was one of many independent contractors enlisted by plaintiff to help plaintiff produce this event, and defendant K BAXTER's services were limited to those of an independent contractor and nothing more.

20. Any rights which co-defendants BAXTER LLC and/or D BAXTER possess, in regard to the mark, "Philadelphia Cheesesteak Festival", are derivative of any rights owned by defendant K BAXTER; accordingly, to wit, as defendant K BAXTER has no rights in and to the mark, "Philadelphia Cheesesteak Festival", co-defendants BAXTER LLC and D BAXTER likewise possess no rights regarding said mark.

**COUNT ONE: VIOLATION OF LANHAM ACT**

**15 U.S.C. 1051 ET SEQ,**

**VS. ALL DEFENDANTS**

21. Paragraphs 1 through 20 are incorporated by reference as though fully set forth herein and made a part hereof.

22. The Lanham Act codified protection for owners of trademarks, trade dress, victirms of unfair trade practices, misappropriations of trademarks and trade dress; further, the Lanham Acts punishes those who claim a false designation of origin.

23. By holding themselves out as the rightful owners of the "Philadelphia Cheesesteak Festival", defendants have, in fact, attempted to hijack plaintiff's ownership rights in and to the mark, the trade name, the trade dress, and ancillary rights thereto, in violation of the Lanham Act.

24. Defendants have wrongfully held themselves out as owners of the mark to the Festival, in violation of plaintiff's rights in the mark.

25. Defendants have wrongfully utilized plaintiff's trade dress, including but not limited to plaintiff's logo which plaintiff created, at plaintiff's own expense, for the Festival, in violation of the Lanham Act.

26. Defendants have engaged in unfair and deceptive trade practices, in violation of the Lanham Act.

27. Defendants have committed false designation of origin, in violation of the Lanham Act.

28. As a direct and proximate result of the above-stated conduct by defendants, plaintiff has sustained monetary damages, as well as loss of goodwill, reputation, and diminution in trade name and trade dress.

29. Defendants' conduct is outrageous, warranting punitive damages.

30. Defendants' conduct, as violative of the Lanham Act, entitles plaintiff to monetary compensatory damages, injunctive relief, punitive damages, reasonable counsel fees, and costs.

31. Defendants are liable to plaintiff for violation of the Lanham Act.

WHEREFORE, on Count One, plaintiff ELITE demands judgment in its favor and against all defendants, jointly and severally, as follows:

a) For compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000);

b) For punitive damages to be determined at trial;

c) For reasonable counsel fees and litigation expenses;

d) For this Court's issuance of injunctive relief as permitted by The Lanham Act to enjoin defendants from using the subject mark, "Philadelphia Cheesteak Festival" (or any other substantially similar mark) and otherwise competing with plaintiff;

e) For such other relief as this Court may deem proper.

**COUNT TWO: BREACH OF NON-DISCLOSURE AGREEMENT**

**PLAINTIFF VS. K BAXTER ONLY**

32. Paragraphs 1 through 31 are incorporated by reference as though fully set forth herein and made a part hereof.

33. As aforepleaded, on June 15, 2015 plaintiff and K. BAXTER entered into a Non-Disclosure Agreement, attached.

34. K. BAXTER materially breached said NDA, causing damages to plaintiff, by:

a) competing with plaintiff by attempting to produce his own Philadelphia Cheesesteak Festival;

b) wrongfully claiming ownership of plaintiff's intellectual property;

c) circumventing plaintiff by contacting plaintiff's vendors and third parties, and going around plaintiff to produce their own cheesesteak festival.

35. As a direct and proximate result of defendant's material breach, plaintiff has sustained monetary damages in excess of $75,000, in lost profits.

36. As a direct and proximate result of defendant's material breach, plaintiff has sustained damages in the form of lost goodwill, lost reputation, and loss of prospective profits.

37. As a direct and proximate result of defendant's material breach, plaintiff has sustained such other pecuniary losses in conformity with proofs at trial.

WHEREFORE, on Count Two, plaintiff ELITE demands judgment in its favor and against defendant K BAXTER only, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs, prejudgment interest, delay damages, and such other and further relief as this Court may deem proper.

**COUNT THREE: BREACH OF IMPLIED-IN-FACT AGREEMENT**

**PLAINTIFF VS. K BAXTER ONLY**

38. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein and made a part hereof.

39. By the conduct of the parties, there exists an implied-in-law agreement between plaintiff and K BAXTER, which provided that in exchange for an agreed upon sum of money,

defendant K BAXTER would perform promotion and marketing services for plaintiff, in regard to plaintiff's Festival; it was understood that the Festival was the sole property of plaintiff, and defendant K BAXTER's role was limited to marketing and promotion for plaintiff.

40. K. BAXTER materially breached the implied-in-fact agreement by attempting to hijack the Festival for his own commercial exploitation, causing damages to plaintiff as aforepleaded in excess of $75,000.

41. Despite repeated demand, K BAXTER continues to be in material breach of the parties' implied-in-fact agreement.

42. Defendant K BAXTER is liable to plaintiff for breach of implied-in-fact agreement.

WHEREFORE, on Count Three, plaintiff ELITE demands judgment in its favor and against defendant K BAXTER only for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs, prejudgment interest, delay damages, and such other and further relief as this Court may deem proper.

**COUNT FOUR: TORTUOUS INTERFERENCE OF BUSINESS RELATIONS**

**PLAINTIFF VS. ALL DEFENDANTS**

43. Paragraphs 1 through 42 are incorporated by reference as though fully set forth herein and made a part hereof.

44. Subsequent to the successful production of the first "Philadelphia Cheesesteak Festival" by plaintiff in October of 2015, defendant K BAXTER became disgruntled with the

agreed upon compensation which K. BAXTER and plaintiff had mutually agreed upon, in regard to K BAXTER's promotion and marketing services for plaintiff.

45. Subsequent to Octotober 24, 2015 (the Festival's conclusion) K BAXTER sought to extract additional funds from plaintiff, for his role in promotion and marketing the Festival- plaintiff refused to "ex post facto" revise the agreed upon compensation.

46. Having been dissatisfied with his agreed upon compensation, K BAXTER then sought to extract revenge upon plaintiff by trying to hijack his Festival, for K BAXTER's benefit and plaintiff's detriment.

47. K BAXTER enlisted the ranks of co-defendants BAXTER LLC and R BAXTER to conspire to tortuously interfere with plaintiff's business relations, to prevent plaintiff from producing his next Festival.

48. Such act of tortuous interference were as follows:

a) Contacting Xfinity Live to book defendants' own "Philadelphia Cheesesteak Festival" there;

b) Contacting Lincoln Financial Field, the situs of plaintiff's first, "Philadelphia Cheesesteak Festival", and/or otherwise causing Lincoln Financial Field to render itself unavailable for Plaintiff's Festival;

c) Obtaining press in www.Philly.com promoting defendants' own Philadelphia Cheesesteak Festival at Xfinity Live and promising different services, products than plaintiff;

d) Contacting the various vendors used by plaintiff for its Festival, in order to promote defendants' festival;

e) filing trademark applications with the United States Patent & Trademark Office seeking to claim ownership of the "Philadelphia Cheesesteak Festival" trademark for themselves;

f) Otherwise interfering with plaintiff's business relations.

49. The aforepleaded tortuous interference caused damages to plaintiff in excess of $75,000.

50. Said tortuous interference was outrageous, and was done with the wanton, willful, reckless disregard for plaintiff and its rights, thereby entitling plaintiff to an award of punitive damages.

WHEREFORE, on Count Four, plaintiff ELITE demands judgment in its favor and against all defendants, jointly and severally, as follows:

a) For compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000);

b) For punitive damages to be determined at trial;

c) For reasonable counsel fees and litigation expenses;

d) For injunctive relief as permitted by The Lanham Act to enjoin defendants from using the subject mark, "Philadelphia Cheesteak Festival" and otherwise competing with plaintiff;

e) For such other relief as this Court may deem proper.

**COUNT FIVE: PERMANENT INJUNCTION**

**PLAINTIFF VS. ALL DEFENDANTS**

51. Paragraphs 1 through 50 are incorporated by reference as though fully set forth herein and made a part hereof.

52. Plaintiff seeks equitable relief of this Court to halt irreparable injury to plaintiff.

53. Plaintiff seeks a permanent injunction to permanently halt defendants' representations, written or oral, as being owners or affiliates of plaintiff's "Philadelphia Cheesesteak Festival", in any capacity.

54. Plaintiff seeks injunctive relief to bar defendants from re-filing any trademark application for "Philadelphia Cheesesteak Festival" or any other substantially similar name which is likely to cause confusion with plaintiff's mark.

55. Plaintiff is entitled to such injunctive relief under the law.

WHEREFORE, on Count Five, plaintiff ELITE demands judgment in its favor and against all defendants, jointly and severally, as follows:

a) For this Court's issuance of a permanent injunction, Ordering defendants' to permanently halt their representations, written or oral, as being owners or affiliates of plaintiff's "Philadelphia Cheesesteak Festival", in any capacity;

b) For this Court's issuance of a permanent injunction barring defendants from re-filing any trademark application for "Philadelphia Cheesesteak Festival" or for any other substantially similar name which is likely to cause confusion with plaintiff's mark.

c) For punitive damages to be determined at trial;

d) For reasonable counsel fees and litigation expenses;

e) For injunctive relief as permitted by The Lanham Act to enjoin defendants from using the subject mark, "Philadelphia Cheesteak Festival" and otherwise competing with plaintiff;

f) For such other relief as this Court may deem proper.

**COUNT SIX: TRADEMARK INFRINGEMENT-**
**THE LANHAM ACT (15 U.S.C. 1051 ET SEQ.**
**PLAINTIFF VS. ALL DEFENDANTS**

56. Paragraphs 1 through 55 are incorporated by reference as though fully set forth herein and made a part hereof.

57. The Lanham Act and its case law progeny protects trademark owners in the exclusive use of their marks when use by another would be likely to cause confusion or dilution of the rightful trademark owners rights.

58. Plaintiff owned a valid and legally protectable mark and the defendants used the mark to identify their goods and services in a manner that was not only likely to cause confusion, but did in fact cause confusion.

59. By way of example, defendants caused to be published an article in the online website for the Philadelphia Inquirer and/or Philadelphia Daily News websites, to wit, www.philly.com, which article was widely circulated to thousands and thousands of people online, wherein false information is published pertaining to plaintiff's legally protectable mark. See article attached and incorporated by reference.

60. Defendants are liable to plaintiff for trademark infringement.

WHEREFORE, on Count Six, plaintiff ELITE demands judgment in its favor and against all defendants, jointly and severally, as follows:

a) For compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000);

b) For punitive damages to be determined at trial;

c) For reasonable counsel fees and litigation expenses;

d) For injunctive relief as permitted by The Lanham Act to enjoin defendants from using the subject mark, "Philadelphia Cheesteak Festival" and otherwise competing with plaintiff;

e) For such other relief as this Court may deem proper.

**COUNT SEVEN: FALSE OR FRAUDULANT TRADEMARK REGISTRATION- THE LANHAM ACT (15 U.S.C. 1120) PLAINTIFF VS. ALL DEFENDANTS**

61. Paragraphs 1 through 60 are incorporated by reference as though fully set forth herein and made a part hereof.

62. Section 1120 of the Lanham Act was enacted to create civil liability against those who engaged in a "false or fraudulent" declaration or representation of trademark ownership.

63. Defendants unlawfully registered a trademark under plaintiff's trademark, "Philadelphia Cheesesteak Festival", in dereliction of the law, to wit, 15 U.S.C. 1120.

64. Defendants' representations in their trademark applications were false; the exhibits provided contained a logo owned by plaintiff; defendants knew the representations were false; defendants intended the USPTO to act in reliance on their misrepresentations in granting the application, and the USPTO was deceived into registering the mark in defendant's name.

65. Defendants are liable unto plaintiff under 15 U.S.C 1120. See, for example, Bay State Sav Bank v. Baystate Fin. Svs., LLC, 484 F.Supp.2d 205 (2007) .

WHEREFORE, on Count Seven, plaintiff ELITE demands judgment in its favor and against all defendants, jointly and severally, as follows:

a) For compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000);

b) For punitive damages to be determined at trial;

c) For reasonable counsel fees and litigation expenses;

d) For injunctive relief as permitted by The Lanham Act to enjoin defendants from using the subject mark, "Philadelphia Cheesteak Festival" and otherwise competing with plaintiff;

e) For such other relief as this Court may deem proper.

**COUNT EIGHT: FALSE DESIGNATION OF ORIGIN**
**THE LANHAM ACT (15 U.S.C. 1124-1125)**
**PLAINTIFF VS. ALL DEFENDANTS**

66. Paragraphs 1 through 65 are incorporated by reference as though fully set forth herein and made a part hereof.

67. Defendants falsely designated themselves as owners of plaintiff's trademark.

68. 15 U.S.C. § 1125 of the Lanham Act provides as follows –

False designations of origin, false descriptions, and dilution forbidden

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

69. Defendants are liable unto plaintiff for false designation of origin by creating confusion, and otherwise causing damage to plaintiff's business, by:

a) holding themselves out as owners of the "Philadelphia Cheesesteak Festival";

b) providing terms and conditions to the public and to vendors different from plaintiff's terms and conditions, thereby creating "false expectations" and confusion in the public eye, and in the eyes of plaintiff's vendors;

c) by damaging plaintiff's reputation and goodwill.

WHEREFORE, on Count Eight, plaintiff ELITE demands judgment in its favor and against all defendants, jointly and severally, as follows:

a) For compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000);

b) For punitive damages to be determined at trial;

c) For reasonable counsel fees and litigation expenses;

d) For injunctive relief as permitted by The Lanham Act to enjoin defendants from using the subject mark, "Philadelphia Cheesteak Festival" and otherwise competing with plaintiff;

e) For such other relief as this Court may deem proper.

**COUNT NINE: UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES**
**THE LANHAM ACT – SECTION 43(a)**
**PLAINTIFF VS. ALL DEFENDANTS**

70. Paragraphs 1 through 69 are incorporated by reference as though fully set forth herein and made a part hereof.

71. Under Section 43(a) of the Lanham Act, liability befalls defendants because:

a) as aforepleaded, they made false and/or misleading statements as to its products and services, and as to plaintiff's products and services;

b) there was actual deception and/or a tendency to deceive a substantial portion of the public;

c) the deception was material because it was likely to influence decisions to attend the Cheesesteak Festival and engage in activities and events pertaining to the Festival;

d) the advertised services, products and events involve interstate commerce;

e) plaintiff suffered likelihood of injury as a result of defendants' false and/or misleading statements.

WHEREFORE, on Count Nine, plaintiff ELITE demands judgment in its favor and against all defendants, jointly and severally, as follows:

a) For compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000);

b) For punitive damages to be determined at trial;

c) For reasonable counsel fees and litigation expenses;

d) For injunctive relief as permitted by The Lanham Act to enjoin defendants from using the subject mark, "Philadelphia Cheesteak Festival" and otherwise competing with plaintiff;

e) For such other relief as this Court may deem proper.

**COUNT TEN: UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES**
**PENNSYLVANIA COMMON LAW**
**PLAINTIFF VS. ALL DEFENDANTS**

72. Paragraphs 1 through 71 are incorporated by reference as though fully set forth herein and made a part hereof.

73. Defendant's misleading and deceptive practices have rendered plaintiff unable to conduct business- it can not proceed with the Philadelphia Cheesesteak Festival.

74. Under Pennsylvania common law, defendants are liable to plaintiff for their aforepleaded misleading and deceptive representations, which has caused injury to plaintiff as aforepleaded.

WHEREFORE, on Count Ten, plaintiff ELITE demands judgment in its favor and against all defendants, jointly and severally, as follows:

a) For compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000);

b) For punitive damages to be determined at trial;

c) For reasonable counsel fees and litigation expenses;

d) For injunctive relief as permitted by The Lanham Act to enjoin defendants from using the subject mark, "Philadelphia Cheesteak Festival" and otherwise competing with plaintiff;

e) For such other relief as this Court may deem proper.

**COUNT ELEVEN: DILUTION OF TRADEMARK**

**PENNSYLVANIA TRADEMARK ACT- 54 PA. C.S.A. 1101 ET SEQ.**
**PLAINTIFF VS. ALL DEFENDANTS**

75. Paragraphs 1 through 74 are incorporated by reference as though fully set forth herein and made a part hereof.

76. The Pennsylvania Trademark Act- to wit, 54 Pa. C.S.A. 1101 et seq. grants relief from defendant's violation of plaintiff's trademark.

77. As a result of defendants' actions and/or omissions, plaintiffs sustained damages, and shall continue to sustain damages indefinitely into the future.

78. Defendants conduct was outrageous, and was intentional, willful, and reckless, thereby entitling plaintiff to treble damages under Sec. 1125(a) of the Penna. Trademark Act.

79. Defendants are liable to plaintiff under the Pennsylvania Trademark Act for infringement and dilution, and otherwise violating said Act.

WHEREFORE, on Count Eleven, plaintiff ELITE demands judgment in its favor and against all defendants, jointly and severally, as follows:

a) For compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000);

b) For treble damages under Sec. 1125(a) as determined at trial;

c) For reasonable counsel fees and litigation expenses;

d) For injunctive relief as permitted by The Lanham Act to enjoin defendants from using the subject mark, “Philadelphia Cheesteak Festival” and otherwise competing with plaintiff;

e) For such other relief as this Court may deem proper.

Dated: June 27, 2016

Respectfully submitted,

Law Office of Simon Rosen

By: Simon Rosen, Esq. (#6279)
Counsel for Plaintiff

Attorney ID NO. 38603
2019 Walnut Street
Philadelphia, PA 19103
(215)564-0212
SimonOnKey@aol.com